# 22-2923

IN THE

# United States Court of Appeals

**FOR THE SECOND CIRCUIT**

JORGE SANCHEZ

Plaintiff-Appellant

v.

KENNETH BUTRICKS, COUNSELOR CARBONE, CAPTAIN RODRIGUEZ, WILLIAM MULLIGAN

Defendants-Appellees

Appeal from the United States District Court for Connecticut

Case No. 20-CV-1229

The Honorable Omar A. Williams

**APPELLANT'S APPENDIX**

Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue, Unit 26152
Washington, DC 20001
202-455-4399

*Attorney for Plaintiff-Appellant*
*Jorge Sanchez*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ,<br>Plaintiff,<br><br>v.<br><br>KENNETH BUTRICKS, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | 3:20-cv-1229 (OAW) |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the court upon Defendants' Motion for Summary Judgment and memorandum in support thereof (together, "Motion"). *See* ECF Nos. 31 and 31-1. The court has reviewed the Motion, Defendants' Statement of Facts ("Defendants' SOF"), *see* ECF No. 31-2, Plaintiff's opposition briefs, *see* ECF Nos. 39 and 41,[1] Plaintiff's responses to the Defendants' SOF, *see* ECF No. 38, all other supporting exhibits, and the record in this matter and is thoroughly advised in the premises. Defendants did not file a reply brief and the time in which to do so has passed.

After careful review, the court concludes that the Motion for Summary Judgment must be **GRANTED**.

## I. BACKGROUND

During the time relevant to this action, Plaintiff was a sentenced inmate housed at Cheshire Correctional Center within the Connecticut Department of Correction ("DOC"). ECF No. 31-2 at ¶ 2; ECF No. 38 at ¶ 2. Plaintiff walks with a cane due to an old injury and for the period relevant to this action was housed in a special cell that

[1] Plaintiff timely filed an opposition to the Motion, but it was missing a page, and so the court granted Plaintiff leave to refile the complete brief. *See* ECF No. 40.

accommodated individuals with mobility aids. ECF No. 31-1 at p. 2; ECF No. 31-6 at p. 3, ¶ 6. The plumbing in this cell started leaking, apparently as early as January 2020. ECF No. 31-6 at p. 8. According to DOC records, the leak was resolved in January 2020 after Defendant Rodriguez, the unit manager, submitted a work order. *Id.*; ECF No. 31-6 at p.4, ¶¶ 14–15.

Plaintiff asserts, however, that on or about April 27, 2020, he alerted the maintenance supervisor at the prison that the toilet and sink in his cell were leaking again. ECF No. 1 at p. 14. He asserts that on the same day, he asked Defendant Rodriguez if he could be moved to another handicap-accessible cell until the leak was fixed. ECF No. 1 at p. 4, ¶ 13. Plaintiff did not hear back from the maintenance supervisor and Defendant Rodriguez allegedly denied Plaintiff's request to be moved to a new cell.[2] ECF No. 1 at p. 4, ¶¶ 12, 14.

On or about May 15, 2020, Plaintiff slipped on the leaking water in his cell and fell, exacerbating his injury. ECF No. 38 at p. 6, ¶ 8; ECF No. 1 at p. 5, ¶ 20. On or about May 16, 2020, Plaintiff wrote a formal request to be moved to another cell as a reasonable accommodation. ECF No. 1 at p. 17. He alleges that Defendant Carbone, the Americans with Disabilities Act Coordinator, denied that request. ECF No. 1 at p. 6, ¶ 22. On May 18, 2020, Plaintiff filed a grievance regarding the broken plumbing in his cell. ECF No. 1 at 12. Defendant Butricks upheld Plaintiff's grievance and on May 19, 2020, the plumbing in Plaintiff's cell was fixed. *Id.*

---

[2] Defendant Rodriguez does not recall this exchange, and asserts he had transferred out of the unit before the date in question. ECF 31-6 at p. 3, ¶ 13.

Plaintiff initiated this action on August 21, 2020, *see* ECF No. 1, and upon initial review, the court permitted two claims to proceed against Defendants Rodriguez, Carbone, and Butricks: an Eighth Amendment claim for deliberate indifference to Plaintiff's health and safety, and a claim for violation of the Americans with Disabilities Act ("ADA"). *See generally* ECF No. 10.[3] Defendants now argue that they are entitled to summary judgment on both claims.

## II. STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.*; *see also Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "At the summary judgment stage of the proceeding, [the moving party is] required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient." *Welch-Rubin v. Sandals Corp.*, No. 3:03-cv-00481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004). Put another way, "'[i]f there is any evidence in the record that

[3] The constitutional claim is asserted against the defendants in their individual capacities, while the ADA claim is asserted against them in their official capacities.

could reasonably support a jury's verdict for the nonmoving party,' summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315–16 (2d Cir. 2006) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir.2002)).

A party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir.1996). Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence offered consists of conclusory assertions without further support in the record, summary judgment may lie. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726–27 (2d Cir. 2010).

## III. DISCUSSION

### A. Eight Amendment Claim

Defendants first maintain that no reasonable juror could find that they were deliberately indifferent to Plaintiff's health and safety in violation of the Eighth Amendment.

"[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darby v.*

*Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (alterations in original). "To state an Eighth Amendment claim based on conditions of confinement, an inmate must allege that: (1) objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities,' and (2) subjectively, the defendant official acted with 'a sufficiently culpable state of mind ..., such as deliberate indifference to inmate health or safety.'" *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001)) (alteration in original). To show that Defendants acted with deliberate indifference, Plaintiff must show that they acted with more than mere negligence. *Farmer*, 511 U.S. at 835. "The prison official must know of, and disregard, an excessive risk to inmate health or safety." *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012).

Defendants concede, for purposes of the Motion, that Plaintiff has satisfied the objective element. They argue, though, that Plaintiff cannot show the subjective element. More specifically, they argue that neither Defendant Rodriguez nor Defendant Carbone was in a position to satisfy Plaintiff's requests (Defendant Rodriguez because he was no longer assigned to Plaintiff's housing unit, Defendant Carbone because he was no longer the ADA Coordinator), and that Defendant Butricks did not even know about the leak until after Plaintiff's fall.

The court agrees with Defendants. Plaintiff does not address this argument with respect to Defendant Butricks, but there is no evidence in the record that Defendant Butricks knew about the leak until Plaintiff submitted his grievance, and then the leak was

fixed within a day. Therefore, there is no evidence that Defendant Butricks acted with the requisite indifference.

With respect to Defendant Carbone, Defendants argue that Defendant Carbone had left the position of ADA Coordinator by the time Plaintiff made his formal request and had informed Plaintiff as much, instructing him to contact the new ADA Coordinator. ECF No. 31-5 at pp. 3–4, ¶¶ 14–15. Plaintiff responds by stating that an email dated April 17, 2020, which Defendants provided, shows that Defendant Carbone was still answering questions about ADA issues at that time. ECF No. 31-5 at 10–11. Review of the exhibit in question, though, shows that Defendant Carbone responded to an inquiry only to note that he could not provide the information requested and to refer the inquirer to the individual who had taken over as ADA Coordinator. And even assuming that Defendant Carbone did handle some ADA-related inquiries, Plaintiff does not deny that Defendant Carbone instructed him to bring his request to the new ADA Coordinator, which is not an unreasonable response to Plaintiff's request for a reasonable accommodation, and which does not amount to disregard for Plaintiff's safety. Further, it is undisputed that Plaintiff did not file a formal request for an accommodation until after he had fallen.[4] Therefore, summary judgment on this claim also is warranted as to Defendant Carbone.

Finally, with respect to Defendant Rodriguez, even assuming that the leak constitutes an "excessive risk," and even if Defendant Rodriguez did not order repairs in April 2020, there is nothing in the record from which the court could infer anything more

[4] The court additionally points out that even Plaintiff's report of the leak to the maintenance supervisor was, by his own account, on April 27, 2020 (some ten days after the email in which Defendant Carbone explained that he no longer was ADA coordinator). *See* ECF No. 1 at p. 14; ECF No. 31-5 at 10–11.

than negligence in his actions. It appears that while he was still the unit manager of Plaintiff's unit, he did submit a work order to repair the leak in Plaintiff's cell on January 14, 2020, which was repaired the following day. And at the time Plaintiff allegedly asked Defendant Rodriguez to move him to a different cell, Defendant Rodriguez was at least transitioning out of the unit, if not already transitioned out. These facts weigh against a finding of deliberate indifference, and Plaintiff does not point to anything else which might show that Defendant Rodriguez committed anything more than negligent human error. Therefore, summary judgment also is justified as to Defendant Rodriguez with respect to the Eighth Amendment claim.

**B. ADA Claim**

Defendants next argue that no reasonable jury could find in Plaintiff's favor on the ADA claim.

To establish a prima facie case under the ADA, Plaintiff "must show that 1) he is a qualified individual with a disability; 2) [the prison] is an entity subject to the [ADA]; and 3) he was denied the opportunity to participate in or benefit from [prison] services, programs, or activities or [the prison] otherwise discriminated against him by reason of his disability." *McFadden v. Noeth*, 827 F. App'x 20, 27–28 (2d Cir. 2020) (quoting *Wright v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 831 F.3d 64, 72 (2d Cir. 2016)) (alterations in original). Defendants do not dispute, for purposes of the Motion, that Plaintiff is a qualified individual with a disability. Nor is it reasonably disputed that Cheshire is subject to the ADA. Defendants argue, though, that Plaintiff was not

excluded from benefiting from any prison program, and he was not subjected to discrimination by reason of his disability.

The court agrees with Defendants. Even assuming that the leak in Plaintiff's cell deprived him of a prison benefit, there is nothing in the record that indicates that the deprivation resulted from discriminatory animus. There is nothing to support Plaintiff's assertion in his complaint that inmates without disabilities are given transfers to different cells in similar circumstances, and it is undisputed that (1) Plaintiff only requested a reasonable accommodation after his fall and (2) the leak was fixed within a few days of that request. Even assuming that Plaintiff's verbal request either to Defendant Carbone or to Defendant Rodriguez also constituted a request for a reasonable accommodation, the court cannot infer discrimination from either defendant's response or lack thereof, particularly given that each of them either was moving on to a new position or already had moved on to a new position, and there is no other history of discrimination against Plaintiff. Any failure to address the leak is more likely attributable to unintentional negligence than to discrimination.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment (ECF No. 31) is **GRANTED.**

2. The court respectfully asks the Clerk of Court to enter judgment in Defendants' favor and to **CLOSE** this case.

.

___________/s/_____________
Omar A. Williams
United States District Judge

SO ORDERED at Hartford, Connecticut this 23rd day of Semptember, 2022.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

JORGE SANCHEZ,
Plaintiff,

V. CASE NO: 3:20cv01229 (OAW)

KENNETH BUTRICKS, CARBONE,
and RODRIGUEZ,
Defendants.

## JUDGMENT

This matter having come on for consideration of the defendants' motion for summary judgment doc. #31, before the Honorable Omar A. Williams, United States District Judge; and the Court having considered the full record of the case including applicable principles of law and granted the defendants' motion. Accordingly, judgment shall enter in favor of the defendants. It is therefore;

ORDERED, ADJUDGED, and DECREED that judgment enter in favor of the defendants, Kenneth Butricks, Carbone, and Rodriguez, and the case is closed.

Dated at Hartford, Connecticut this 26th day of September, 2022.

DINAH MILTON KINNEY, Clerk

By:/s/_Jazmin Perez
Jazmin Perez
Deputy Clerk

EOD: 9/26/2022

# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ | : | CIVIL CASE NO. 3:20-CV-01229(OAW) |
| V. | : | |
| KENNETH BUTRICKS, ET AL. | : | FEBRUARY 22, 2022 |

**LOCAL RULE 56(a)(1) STATEMENT**

Pursuant to Local Rule of Civil Procedure 56(a)(1)(c), Defendants Butricks, Carbone and Rodriguez submit this statement of undisputed material facts in support of their motion for summary judgment.

1. Jorge Sanchez ("Plaintiff") was re-admitted into DOC custody on June 8, 1994 and sentenced June 14, 1996. Attachment B, ¶ 3.

2. On April 27, 2020, Plaintiff was housed at Cheshire Correctional Institution, where he remains incarcerated as of this declaration. Attachment B, ¶ 4.

3. Between January 1992 and October 2020, Defendant Kenneth Butricks ("Butricks") was employed by the State of Connecticut Department of Correction (DOC). Attachment C, ¶ 2.

4. On October 1, 2020, Butricks retired from his employment as Warden of Cheshire Correction Institution by the DOC. Attachment C, ¶ 3.

5. Butricks held the position of Correctional Officer, then promoted to Lieutenant in 1997, promoted to Captain in 2001, promoted to Deputy Warden in 2009

and finally promoted to Warden of Bridgeport Correctional Institution in 2017, then Warden of Manson Youth 2018 and then Cheshire Correctional Institution (Cheshire) in 2019. Attachment C, ¶ 4.

6. As Warden, Butricks toured Cheshire and interacted with all inmates who sought him out to talk about a myriad of issues ranging from conditions of confinement to need for medical care. Attachment C, ¶ 5.

7. All inmates can file requests and grievances that enable custody to respond by resolving an issue first without further incident. Attachment C, ¶ 17.

8. Because Butricks toured the housing units in Cheshire, Sanchez had access and opportunity to inform Butricks of the condition of the cell so that Butricks could have acted to have the issue addressed by either moving Sanchez to another cell or having the water shut off in the cell until the leak was repaired. Attachment C, ¶ 9, ¶ 10.

9. Had Sanchez spoken to Butricks during a tour, Butricks would have gone to the cell and visually inspected the problem. Attachment C, ¶ 10.

10. Butricks then would have instructed the unit manager to submit a request for repair or called the maintenance department on his own. Attachment C, ¶ 10.

11. Butricks does not have an independent recollection of Sanchez speaking to me about the leak in the cell. Attachment C, ¶ 11.

12. Butricks does not have any written communication from Sanchez about the leak. Attachment C, ¶ 12.

13. Butricks acknowledges having received an Inmate Administrative Remedies Form, also known as a Level 1 grievance, on or about May 19, 2020, in which Sanchez states even though he informed others of a leak in his cell, nothing was done and as a result, he slipped and fell. Attachment C, ¶ 15.

14. In the Level 1 grievance, Sanchez requested that the leak be fixed "before something else happens to me." Attachment C, ¶ 15.

15. Butricks received the Level 1 grievance 4 days after Sanchez slipped and fell on water in his cell. Attachment C, ¶ 15.

16. Because the leak was fixed by the time Butricks received the Level 1 grievance, Butricks upheld the Level 1 grievance. Attachment C, ¶ 15.

17. Butricks was unaware that Sanchez appealed the disposition of the grievance that was upheld. Attachment C, ¶ 16.

18. As Sanchez walked with a cane, he could have submitted a request to the ADA Coordinator for reasonable accommodations at any time prior to May 15, 2020, the date Sanchez alleges he fell on water from the leak in his cell. Attachment C, ¶ 20.

19. Eric Carbone ("Carbone") has been employed by the DOC since 2007. Attachment D, ¶ 2.

20. Carbone currently hold position of Counselor Supervisor and is assigned to MacDougall-Walker Correctional Institution. Attachment D, ¶ 3.

21. In 2020, Carbone held position of ADA Coordinator and Counselor Supervisor of North Block 1 at Cheshire. Attachment D, ¶ 6.

22. Carbone knew that Sanchez walked with a cane due an injury suffered prior to incarceration. Attachment D, ¶ 8.

23. Even though Carbone was the ADA Coordinator at Cheshire, he was unaware that Sanchez had a qualifying disability as required under the ADA, nor was Carbone informed that Sanchez required reasonable accommodations. Attachment D, ¶ 9.

24. As ADA Coordinator, Carbone was aware that Cheshire had several cells in which an inmate would be housed to accommodate the use of a walker or a cane. Attachment D, ¶ 10.

25. These cells, located on the first floor of the housing units at Cheshire, housed one inmate, were larger in dimension and had a higher toilet seat. Attachment D, ¶ 10.

26. Carbone was reassigned to a different housing unit sometime in March 2020. Attachment D, ¶ 11.

27. Carbone no longer held position of ADA Coordinator at Cheshire in March/April 2020. Attachment D, ¶ 12.

28. After a new ADA Coordinator was appointed, Sanchez approached Carbone in the hallway and informed him of the leak in the cell and the need for reasonable accommodations. Attachment D, ¶ 14.

29. Carbone specifically recalls having informed Sanchez that a new ADA Coordinator was appointed and instructed Sanchez to contact the new person to address his needs. Attachment D, ¶ 14.

30. Carbone does not recall Sanchez being anxious about the leak, nor that the leak was considered by Sanchez to be major. Attachment D, ¶ 15.

31. Had Carbon been led to believe the leak was major, he would have contacted the Unit Manager and requested that a work order be submitted and spoken with the ADA Coordinator to determine whether alternative reasonable accommodations could be provided to Sanchez until the leak was repaired. Attachment D, ¶ 15.

32. When Sanchez filed a Request for Reasonable Accommodations on May 16, 2020, Carbone was no longer the ADA Coordinator at Cheshire and, as a result, was unaware of such a request having been filed. Attachment D, ¶ 16.

33. Israel Rodriguez ("Rodriguez") has been employed by the DOC since December 2005. Attachment E, ¶ 2.

34. Rodriguez was promoted from Correction Officer to Lieutenant to Captain, which was achieved in July 2018. Attachment E, ¶ 3.

35. Rodriguez has been assigned to Cheshire since 2019. Attachment E, ¶ 4.

36. In January 2020, Rodriguez held position of unit manager in North Block 1 housing unit, which is a unit where general population inmates are housed. Attachment E, ¶ 5.

37. North Block 1 did have a designated cell in which an inmate with a walker or other assistive mechanical device could be housed alone. Attachment E, ¶ 6.

38. This specific cell was larger in dimension and contained a higher toilet seat. Attachment E, ¶ 6.

39. When unit manager in North Block, Rodriguez learned that Sanchez occupied this type of cell. Attachment E, ¶ 7.

40. While unit manager in North Block 1, Rodriguez knew that Sanchez walked with a cane. Attachment E, ¶ 8.

41. As unit manager, Rodriguez would have been informed by the facility ADA Coordinator that Sanchez had a qualifying disability under the ADA. Attachment E, ¶ 9.

42. Rodriguez does not recall ever having been informed that Sanchez required accommodations for a qualifying disability under the ADA. Attachment E, ¶ 10.

43. In April 2020, Rodriguez was no longer assigned to the North Block 1 as unit manager. Attachment E, ¶ 13.

44. Had Rodriguez been aware of such a leak when unit manager in North Block 1, he would have submitted a work order as he had previously done on January 14, 2020 for a leak in Sanchez's cell. Attachment E, ¶ 15 – 17.

45. Rodriguez was unaware of a leak in North Block 1 Cell 111 until Sanchez had him served with this lawsuit. Attachment E, ¶ 20.

46. Derek Wayner ("Wayner") was the facility maintenance supervisor of Cheshire Correctional Institution. Attachment F, ¶ 2.

47. The Cheshire Reformatory was established by the Connecticut General Assembly in 1909 and opened in 1913 after three years of construction carried out by inmates from the State Prison in Wethersfield. Attachment F, ¶ 3.

48. It was designed as a reformatory for male offenders ages 16-24, with the intention of separating these offenders from the adult prison population. Attachment F, ¶ 3.

49. In 1982 the facility was designated for adult males. Attachment F, ¶ 3.

50. In 1993, the galleys closed and the new North and South Blocks were opened. Attachment F, ¶ 3.

51. Today it is it known as Cheshire Correctional Institution. Attachment F, ¶ 3.

52. Because of its age, the facility has experienced maintenance issues, some of which are the result of leaky pipes and seals on toilets. Attachment F, ¶ 4.

53. However, in 2020, a complete changeover of the plumbing was performed by Department of Correction maintenance in Cell 111. Attachment F, ¶ 4.

54. Within each housing unit at Cheshire there is a cell that has a higher toilet.

55. Wayner only becomes aware of maintenance problems in the units upon receipt of a request submitted by a member of custody in which a complaint is made for a repair. Attachment F, ¶ 7.

56. Upon receipt of a repair request, a work order is generated and includes the date and time the request was submitted, the location of where the requested repair, the date the work order was assigned and the date the repair was completed. Attachment F, ¶ 8.

57. Wayner located all work orders associated with the presence of a water leak in Cell 111 for the period between January 2020 through present and located a total of 5. Attachment F, ¶ 9.

58. first work order found was for a leaking toilet and dated January 14, 2020. Attachment F, ¶ 10. The work order was submitted by Captain Rodriguez. Attachment F, ¶ 10. The repair was completed the following day. Attachment F, ¶ 10.

59. The second work order was submitted by Counselor Bethke on January 15, 2020 for water leaking from the tank mounted to the wall behind the toilet into the cell. Attachment F, ¶ 11. Wayner is not able to verify whether this work order was a duplicate of the one submitted by Captain Rodriguez as often times multiple work orders would be received for the same problem by different staff members within the unit. Attachment F, ¶ 11. The work was completed on January 17, 2020. Attachment F, ¶ 11.

60. The third work order was submitted on January 23, 2020 by Counselor Bethke or repair for a leak coming from the tank on the wall. Attachment F, ¶ 12. The work was completed by January 29, 2020. Attachment F, ¶ 12.

61. The fourth work order was submitted on May 12, 2020 by Counselor Rogers because the toilet and sink were leaking with usage/flush. Attachment F, ¶ 13. Even though the document reflects the work was completed on October 29, 2020, this date is incorrect. Attachment F, ¶ 13. Sometimes, work orders are completed but not closed out. Attachment F, ¶ 13. This was the case here.

62. The fifth and final work order was submitted on May 18, 2020 by Counselor Rogers. Attachment F, ¶ 13. The work order indicates that "this has been an ongoing issue for while. It was fixed temporarily but started back leaking the same day." Attachment F, ¶ 13. This notation allows Wayner to confirm that the work order generated on May 12 was actually completed by May 13, 2020 though not closed out until October 29, 2020. Attachment F, ¶ 13.

63. The work order generated on May 18 was completed on May 20, 2020. Attachment F, ¶ 13.

DEFENDANTS,
Butricks, Carbone and Rodriguez

WILLIAM TONG
ATTORNEY GENERAL

BY: */s/DeAnn S. Varunes*
DeAnn S. Varunes
Fed. Bar No. ct25903
Assistant Attorney General
Office of the Attorney General
McKenzie Hall
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax No. (860) 808-5591
E-mail: deann.varunes@ct.gov

**CERTIFICATION**

I hereby certify that on February 22, 2022 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/DeAnn S. Varunes*
DeAnn S. Varunes
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JORGE SANCHEZ | : | CIVIL CASE NO. 3:20-CV-01229(OAW) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| | : | |
| KENNETH BUTRICKS, ET AL. | : | MAY 18, 2022 |

## LOCAL RULE 56(a)2 STATEMENT OF FACTS IN OPPOSITION TO SUMMARY JUDGMENT

1. Admitted. See DeVeau's affidavit, at ¶ 3.
2. Admitted. See DeVeau's affidavit, at ¶ 4.
3. Admitted. See Butricks affidavit, at ¶ 2.
4. Admitted. See Butricks affidavit, at ¶ 3.
5. Admitted. See Butricks affidavit, at ¶ 4.
6. Admitted. See Butricks affidavit, at ¶ 5.
7. Admitted. See Butricks affidavit, at ¶ 17.
8. The Plaintiff admits that Butricks toured the housing units in Cheshire. The Plaintiff denies that he had access and opportunity to inform Butricks of the condition of his cell.
9. The Plaintiff denies that Butricks would have gone to the cell to visually inspect the problem. Though it was his habit to do so, there is no guarantee that he would have done so in this instance. See Butricks affidavit, at ¶ 10.
10. The Plaintiff denies that Butricks would have instructed the unit manager to submit a request for repair or called the maintenance department on his own. Though it was his habit to do so, there is no guarantee that he would have done so in this instance. See Butricks affidavit, at ¶ 10.

11. Admitted. See Butricks affidavit, at ¶ 11.

12. Denied. See Sanchez Affidavit, at ¶19.

13. Admitted.

14. Admitted. See Butricks affidavit, at ¶ 15.

15. Admitted. See Butricks affidavit, at ¶ 15.

16. Denied. See Sanchez Affidavit, at ¶18-19.

17. The Plaintiff admits that Butricks may have been unaware that he appealed the disposition of the grievance. The Plaintiff denies that the grievance was upheld. See Sanchez affidavit at ¶ 19.

18. The Plaintiff admits that he could have submitted a request to the ADA Coordinator for a reasonable accommodation at any time prior to May 15, 2020. See Butricks affidavit, at ¶ 20.

19. Admitted. See Carbone affidavit, at ¶ 2.

20. Admitted. See Carbone affidavit, at ¶ 3.

21. Admitted. See Carbone affidavit, at ¶ 6.

22. Admitted. See Carbone affidavit, at ¶ 8.

23. Denied. See Plaintiff's Disputed Issues of Material Fact ¶1 and Carbone Affidavit at ¶ 7-8.

24. Admitted. See Carbone affidavit, at ¶ 10.

25. Admitted. See Carbone affidavit, at ¶ 10.

26. Admitted. See Carbone affidavit, at ¶ 11.

27. Admitted. See Carbone affidavit, at ¶ 12.

28. Admitted. See Carbone affidavit, at ¶ 14.

29. Admitted. See Carbone affidavit, at ¶ 14.
30. The Plaintiff admits that Carbone may not recall him being anxious about the leak. The Plaintiff denies that the did not consider the leak to be major. See Sanchez affidavit at ¶17.
31. Denied. See Plaintiff's Local Rule 56(a)(1) statement.
32. The Plaintiff admits that when he filed a Request for Reasonable Accommodations on May 16, 2020, Carbone was no longer the ADA coordinator at Cheshire. The Plaintiff denies that Carbone was unaware of such a request having been filed. See Carbone Affidavit at ¶14 and Plaintiff's Disputed Issues of Material Fact ¶2.
33. Admitted. See Rodriguez affidavit, at ¶ 2.
34. Admitted. See Rodriguez affidavit, at ¶ 3.
35. Admitted. See Rodriguez affidavit, at ¶ 4.
36. Admitted. See Rodriguez affidavit, at ¶ 5.
37. Admitted. See Rodriguez affidavit, at ¶ 6.
38. Admitted. See Rodriguez affidavit, at ¶ 6.
39. Admitted. See Rodriguez affidavit, at ¶ 7.
40. Admitted. See Rodriguez affidavit, at ¶ 8.
41. Denied. See Disputed Issues of Material Fact ¶3 and Rodriguez Affidavit at ¶8.
42. Denied. See Plaintiff's Disputed Issues of Material Fact ¶3 and Rodriguez Affidavit at ¶6-8.
43. Admitted. See Rodriguez affidavit, at ¶ 13.
44. Denied. See Sanchez Affidavit, at ¶ 7-8.
45. Denied. See Sanchez Affidavit, at ¶ 7-8.

46. Admitted. See Wayner affidavit, at ¶ 2.

47. Admitted. See Wayner affidavit, at ¶ 3.

48. Admitted. See Wayner affidavit, at ¶ 3.

49. Admitted. See Wayner affidavit, at ¶ 3.

50. Admitted. See Wayner affidavit, at ¶ 3.

51. Admitted. See Wayner affidavit, at ¶ .3

52. Admitted. See Wayner affidavit, at ¶ 4.

53. Admitted. See Wayner affidavit, at ¶ 4.

54. Admitted. See Wayner affidavit, at ¶ 5.

55. Admitted. See Wayner affidavit, at ¶ 7.

56. Admitted. See Wayner affidavit, at ¶ 8.

57. The Plaintiff admits that Wayner may have located only five work orders. The Plaintiff denies that there were only five work orders submitted. See Sanchez Affidavit at ¶ 5 and Plaintiff's Disputed Issues of Material Facts at ¶ 6.

58. Admitted. See Wayner affidavit, at ¶ 10.

59. Admitted. See Wayner affidavit, at ¶ 11.

60. Admitted. See Wayner affidavit, at ¶ 12.

61. The Plaintiff admits that a fourth work order was submitted on May 12, 2020 by Counselor Rogers because the toilet and sink were leaking with usage/flush. See Wayner affidavit, at ¶ 13. The Plaintiff denies that the work order was completed by May 13, 2020, as the work order states that the matter was not closed until October 29, 2020. See Wayner affidavit, at ¶ 13 and Sanchez affidavit, at ¶ 11.

62. The Plaintiff admits that a fifth work order was submitted on May 18, 2020 by Counselor Rogers because of the ongoing issue where the toilet and sink would leak with usage/flush. See Wayner affidavit, at ¶ 13. The Plaintiff denies that the work order submitted on May 12, 2020 was completed by May 13, 2020, as the work order states that the matter was not closed until October 29, 2020. See Wayner affidavit, at ¶ 13 and Sanchez affidavit, at ¶ 11.

63. Denied. See Sanchez Affidavit, at ¶16-18.

## DISPUTED ISSUES OF MATERIAL FACTS

1. Cheshire Correctional ADA Coordinator and Counselor Supervisor Eric Carbone, claims that he was unaware Plaintiff was a qualified prisoner with a disability nor that he required reasonable accommodations. However, he should have been aware of this fact as Plaintiff was being housed in one of the limited cells equipped to accommodate an individual with a disability. Moreover, Carbone admits to being aware that Plaintiff walked with a cane due to an injury suffered prior to incarceration. See Defendants Local Rule 56(a)(1) statement at ¶ 22. As the ADA Coordinator and Counselor Supervisor, Carbone should have been aware that Plaintiff had a qualifying disability under the ADA and required reasonable accommodation.

2. Carbone claims that in March/April of 2020 he was no longer ADA Coordinator at Cheshire and therefore was unaware of such a request having been filed. However, Defendant's Exhibit 1 shows that as of April 17, 2020 he was still responding to emails concerning inmates with documented ADA issues. See Defendant's Exhibit 1.

3. Unit Manager Rodriguez claims that he was unaware that Plaintiff had a qualified disability, however, Rodriguez should have been aware as Plaintiff walked with a cane and occupied the designated cell in which inmates requiring a medically assistive device are housed in. See Rodriguez affidavit, at ¶ 6-8.

4. While Rodriguez claims to have had no further interaction with Plaintiff after April 24, 2020, Plaintiff asked Rodriguez to be moved into another medical cell until the leak was fixed on or about April 27, 2020. See Sanchez affidavit, at ¶ 7.

5. During the April 27, 2020 conversation, Plaintiff, brought it to Rodriguez's attention that there was a leak in North Block 1 Cell 111. See Sanchez affidavit, at ¶ 7.

6. The Cheshire Correctional facility maintenance supervisor Derek Wayner claims to have located a total of five work orders associated with the presence of a water leak in Cell 111 for the period between January 2020 and February 2022. However, the listed work orders exclude the written request Plaintiff made on April 27, 2020 alerting Wayner that his toilet and sink were both leaking and a request that they be fixed. See Sanchez Affidavit, at ¶ 5.

7. Wayner claims that a work order submitted on May 12, 2020 regarding the leaking toilet and sink was completed by May 13, 2020 but the document reflects that the order was not complete until October 29, 2020. See Wayner affidavit, at ¶ 13.

8. Plaintiff slipped and fell on May 15, 2020, as a direct result of the toilet and sink remaining unrepaired. See Sanchez affidavit, at ¶ 11-12.

THE PLAINTIFF,
Jorge Sanchez

BY /S/ Michael E. Satti (gmf)

Michael E. Satti (CT 01311)
Michael E. Satti, Attorney at Law, LLC
125 Eugene O'Neill Drive, Suite 105
New London, CT 06320
Telephone: (860) 599-5988
Facsimile: (860) 442-4420
msatti@satti-law.com

**CERTIFICATION**

This is to certify that a copy of the foregoing was served electronically this 11th day of May 2022 to the following counsel of record:

**DeAnn S. Varunes**
Assistant Attorney General
Office of the Attorney General
McKenzie Hall
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax No. (860) 808-5591
Email: deann.varunes@ct.gov

Michael E. Satti (gmf)
Michael E. Satti (CT 01311)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JORGE SANCHEZ | : | CIVIL CASE NO. 3:20-CV-01229(OAW) |
| | : | |
| V. | : | |
| | : | |
| KENNETH BUTRICKS, ET AL. | : | MAY 18, 2022 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Jorge Sanchez ("Plaintiff"), respectfully submits this objection to the defendants, Kenneth Butricks, et al. ("Defendants"), Motion for Summary Judgment. Plaintiff objects to the Motion for Summary Judgment on the basis that there are genuine issues of material fact, and he has met his burden of proof for a *prima facie* case of Americans with Disability Act discrimination, and a violation of his constitutional right under the Eighth Amendment.

## I. FACTUAL BACKGROUND

This lawsuit arises pursuant to 42 U.S.C. §1983 specifically that the Plaintiff was subjected to conditions of confinement that violated his constitutional right under the Eighth Amendment and the Americans with Disabilities Act. Plaintiff is a qualified prisoner with a disability at Cheshire Correctional Institution ("Cheshire"). (Aff. ¶ 4). Plaintiff suffered an injury prior to his incarceration and now walks with a cane. Plaintiff is housed in one of the handicap cells at Cheshire.

On or about April 27, 2020, Plaintiff wrote to Cheshire's maintenance supervisor regarding the toilet and sink in his cell leaking. (Aff. ¶ 5). The maintenance supervisor never

responded to Plaintiff's request that the leak be fixed. (Aff. ¶ 6). Shortly thereafter, on or about April 27, 2020, Plaintiff informed the Unit Manager that the toilet and sink in his cell was leaking. (Aff. ¶ 7). Again, Plaintiff never received a response. (Aff. ¶ 8). Plaintiff is required to leave his cell at least twice a day to visit the medical unit. (Aff. ¶ 10). The leaking toilet and sink were located directly in front of his cell door, thereby increasing the Plaintiff's risk of slipping and falling every time he was required to leave. (Aff. ¶ 9).

On May 15, 2020, Plaintiff slipped and fell while attempting to leave his cell. (Aff. ¶ 11). This fall exacerbated his already disabled condition. (Aff. ¶ 12). After seeking medical attention for his fall, Plaintiff was placed back in his cell with the still leaking toilet and sink. (Aff. ¶ 13). On or about May 16, 2020, Plaintiff wrote to Cheshire's ADA Coordinator seeking the reasonable accommodation of a transfer to a cell with a functioning toilet and sink until both were repaired in his cell. (Aff. ¶ 14). Plaintiff's request for a reasonable accommodation went unanswered. (Aff. ¶ 15). On May 18, 2020, Plaintiff filed a level one grievance with Cheshire's Warden. (Aff. ¶ 16). Plaintiff's toilet and sink were repaired on May 19, 2020. (Aff. ¶ 17). The grievance was thereafter denied, and Plaintiff appealed the denial on May 22, 2020. (Aff. ¶ 19-20). Plaintiff's appeal was denied. (Aff. ¶ 21).

## II. ARGUMENT

### a. Standard on a Motion for Summary Judgment.

"Upon the filing of a motion for summary judgment, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See All. Grp. Servs., Inc. v. Grassi & Co., 406 F. Supp. 2d 157, 162-163 (D. Conn. 2005). "An issue of fact is 'material' if it

might affect the outcome of the suit under the governing law, and is genuine if a reasonable jury could return a verdict for the nonmoving party based on it." Lanham v. Shinseki, 662 F. Supp. 2d 238, 241 (D. Conn. 2009). "The moving party bares the burden of showing that it is entitled to summary judgment." Id. The plaintiff must then "...come forward with specific evidence demonstrating the existence of a genuine dispute of material fact..." and "[t]he court must view any inferences drawn from the facts in the light most favorable to the party opposing the summary judgment motion." Gilead Cmty. Servs. v. Town of Cromwell, 432 F. Supp. 3d 46, 66 (D. Conn. 2019).

### b. Plaintiff Has Established a Prima Facie Case for Discrimination Based on his Disability

The Plaintiff has met his burden of establishing a prima facie case of discrimination under the ADA. "The burden of making out a prima facie case is not onerous..." DeAngelo v. Yellowbook Inc., 105 F. Supp. 3d 166, 174 (D. Conn. 2015). Under Title II of the American Disabilities Act, 42 USCS §12132, et seq, "...no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." see 42 USCS §12132. "To establish a violation of Title II of the ADA, a plaintiff must show (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." Hargrave v. Vermont, 340 F.3d 27, 34 (2d Cir. 2003) Title II of the ADA applies to any action taken by a public entity and state prisons qualify as public entities under the ADA. See 29 C.F.R. § pt. 35, app. B (2011).

Under 42 U.S.C. § 12131(2) a "…qualified individual with a disability means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *See* 42 U.S.C. § 12131(2). Furthermore, the ADA defines disability with respect to an individual as "…(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment…" *See* 42 U.S.C. § 12102(1).

Plaintiff's prior injury and use of a cane substantially limit him in his major life activities of ambulating, sitting, and caring for himself. Plaintiff's allegations suggest that Defendant's did not give him a reasonable accommodation when he requested to be moved to an alternative handicap cell with a functioning toilet and sink. By not moving Plaintiff to an alternative and safe handicap cell, the Defendants effectively denied Plaintiff the opportunity to participate in or benefit from public services, programs, or activities or otherwise discriminated against him because of his disability. There is no question "…that the provision of appropriate toilet facilities is a 'service, program or activity' within the meaning of the ADA." Dunmore v. Shicker, 2020 U.S. Dist. LEXIS 2155, at *13 (S.D. Ill. Jan. 7, 2020) (citing Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 672 (7th Cir. 2012)).

c. **<u>Defendant was deliberately indifferent to Plaintiff's Medical Condition in Violation of the Eighth Amendment</u>**

"The Eight Amendment imposes a constitutional obligation upon a state to provide adequate medical care to those it has incarcerated." Koehl v. Rowe, 96 CV 1001, 1997 U.S. Dist. LEXIS 24005 at 9-10 (E.D.N.Y. Nov. 14, 1997) "This obligation includes a prohibition against the…unnecessary and wanton infliction of pain and applies to the inadequate provision of medical care to inmates." Id. at 10. "…[P]rison officials violate the Eighth Amendment when they act with deliberate indifference to serious medical needs of prisoners" and "[t]his is true whether the indifference is manifested by prison doctors…or by prison guards in intentionally denying or delaying access to medical care…" Id. at 20. "To state a claim for deliberate indifference to health or safety under the Eighth Amendment, an inmate must demonstrate both an objective and subjective element." Lenti v. Connecticut, No. 3:20-cv-127 (SRU), 2020 U.S. Dist. LEXIS 76084 at 11 (D. Conn. Apr. 30, 2020) "To meet the objective element, an inmate must allege that he was incarcerated under conditions that resulted in a 'sufficiently serious' deprivation, such as the denial of 'the minimal civilized measure of life's necessities' or 'a substantial risk of serious harm.'" Id. "To meet the subjective element, an inmate must allege that the defendant prison officials possessed culpable intent–that is, the officials must have known that the inmate faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action." Id. at 12.

Here, Plaintiff alleges that he suffered a sufficiently serious medical condition. Due to a prior injury Plaintiff had a difficult time ambulating and sitting, requiring him to occupy handicap accessible housing. Second, the Defendants were subjecting Plaintiff to a serious risk to his safety by not providing a reasonable accommodation to him and ignoring his repeatedly requests

## CERTIFICATION

This is to certify that a copy of the foregoing was served electronically this 18th day of May 2022 to the following counsel of record:

**DeAnn S. Varunes**
Assistant Attorney General
Office of the Attorney General
McKenzie Hall
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax No. (860) 808-5591
Email: deann.varunes@ct.gov

Michael E. Satti (gms)
Michael E. Satti (CT 01311)

UNITED STATS DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANCHEZ | : | CIVIL NO. 3:20-CV-01229(VAB) |
| V. | : | |
| KENNETH BUTRICKS, ET AL. | : | MAY 18, 2022 |

**AFFADAVIT OF JORGE SANCHEZ**

I, Jorge Sanchez, being duly sworn, depose and say the following:

1. I am over the age of eighteen (18) years of age and believe in the obligations of an oath.
2. I am making the following statements based on my personal knowledge.
3. At all times relevant to this action, I was housed in Cheshire Correctional Institution ("Cheshire").
4. I am a qualified prisoner with a disability and am housed in a handicap/medical cell.
5. On or about April 27, 2020, I wrote to the maintenance supervisor alerting him that the toilet and sink in my cell were leaking and requested that it be fixed.
6. I never received a response to this request.
7. On or about April 27, 2020, I asked unit manager, Captain Rodriguez, if I could be moved into another medical cell until the leak was fixed.
8. Captain Rodriguez denied my request to be moved.
9. The leaking sink was in front of the cell door and as a result I did not feel safe walking in or out of my cell because I was afraid that I would slip and fall thereby injuring myself or aggravating my pre-existing injury.

10. I am required to leave my cell twice a day to visit the medical unit.

11. On or about May 15, 2020, I slipped and fell on water from the leaking toilet and sink when I was attempting to exit my cell to go to the medical unit.

12. This fall exacerbated my preexisting injury.

13. On or about May 15, 2020, I was forced back into my cell with the leaking toilet and sink.

14. On or about May 16, 2020, I asked for a reasonable accommodation, requesting that I be moved to a handicap cell that had a working toilet and sink.

15. Cheshire's Americans with Disabilities Act Coordinator Carbone ignored my request to be moved to an open and available handicap cell.

16. On or about May 18, 2020, I filed a level one grievance requesting that my toilet and sink be fixed.

17. I feared that I would fall and further injure myself due to being forced to remain in conditions that were unsafe due to the leaking toilet and sink.

18. On or about May 19, 2020, my sink and toilet were fixed.

19. On or about May 22, 2020, Cheshire Warden Kenneth Butricks, denied my level one grievance.

20. On or about May 22, 2020, I filed a level two grievance with the District Administrator with the Connecticut Department of Corrections, William Mulligan.

21. On or about June 15, 2020, William Mulligan denied my level two grievance but admitted to having knowledge of my reported fall.

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge.

Jorge Sanchez

Subscribed and sworn to me this 18th day of May, 2022.

Commissioner of the Superior Court

Michael E. Satti

OCT 3 2022 AM11:56
FILED - USDC - BPT - CT

U.S. District Court
District of Connecticut
Civil Docket for Case #3:20-cv-01229-OAW

| | |
|---|---|
| Jorge Sanchez<br>plaintiff | Notice of Appeal |
| v. | |
| Kenneth Butricks<br>Defendant | |
| Capt. Rodriguez<br>Defendant | |
| A.D.A. Carbone<br>Defendant | |

Notice is hereby given that Jorge Sanchez, plaintiff in the above-named case, hereby appeal to the United States Court of Appeals for the 2D circuit from the final Judgement from an order Granting Summary Judgement entered in this action on the 23rd day of 9, 2022

Jorge Sanchez

Jorge Sanchez #156159
Cheshire C. I.
900 Highland Ave.
Cheshire, CT, 06410

Court clerk 9/29/2022

I'm filing a motion to Appeal Judge omar A. williams ruling on my case, if I did it wrong or if I need a specific form to do this, can you send it to me or leT me how much it coast so that I could send you the money.

Thank you

Jorge Sanchez #156159
cheshire C.I
900 Highland Ave.
cheshire, CT, 06410

Query Reports Utilities Help Log Out

RECAP Actions

APPEAL,CLOSED,EFILE,PRISSCAN,PRO BONO

# U.S. District Court
# District of Connecticut (New Haven)
# CIVIL DOCKET FOR CASE #: 3:20-cv-01229-OAW

Sanchez v. Butricks et al
Assigned to: Judge Omar A. Williams
Demand: $1,000,000
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/21/2020
Date Terminated: 09/26/2022
Jury Demand: Plaintiff
Nature of Suit: 555 Prisoner Petitions - Prison Conditions
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 08/21/2020 | 1 R | PRISCS - COMPLAINT against Kenneth Butricks, Carbone, Willaim Mulligan, Rodriguez, filed by Jorge Sanchez. (Attachments: # 1 copy of envelope) (Oliver, T.) (Entered: 08/21/2020) |
| 08/21/2020 | 2 | PRISCS - MOTION for Leave to Proceed in forma pauperis by Jorge Sanchez. (Oliver, T.) (Entered: 08/21/2020) |
| 08/21/2020 | 3 | PRISCS - Prisoner Trust Fund Account Statement by Jorge Sanchez. (Oliver, T.) (Entered: 08/21/2020) |
| 08/21/2020 | 4 | STANDING PROTECTIVE ORDER<br>Signed by Judge Victor A. Bolden on 8/21/2020. (Oliver, T.) (Entered: 08/21/2020) |
| 08/21/2020 | 5 | Prisoner E-Filing Standing Order on Prisoner Electronic Filing Program<br>Signed by Judge Janet C. Hall on 8/21/2020. (Oliver, T.) (Entered: 08/21/2020) |
| 08/21/2020 | 6 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Victor A. Bolden on 8/21/2020. (Oliver, T.) (Entered: 08/21/2020) |
| 08/27/2020 | 7 | Notice to petitioner re: Insufficiency 2 Ledger Sheet. You must submit a Ledger Sheetshowing the past six months transactions. If insufficiency not corrected Dismissal due by 9/17/2020<br>Signed by US Magistrate Judge William I Garfinkel on 8/27/20.(Payton, R.) (Entered: 08/27/2020) |
| 09/09/2020 | 8 | Prisoner Trust Fund Account Statement by Jorge Sanchez. (Attachments: # 1 Letter, # 2 envelope)(Payton, R.) (Entered: |

A041

| | | |
|---|---|---|
| | | 09/10/2020) |
| 09/21/2020 | 9 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis. If you change your address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that you notify the court. Failure to do so can result in the dismissal of your case. Signed by Magistrate Judge William I Garfinkel on 9/21/20. (Payton, R.) (Entered: 09/21/2020) |
| 04/02/2021 | 10 | INITIAL REVIEW ORDER. For the reasons detailed in the attached order, the case shall proceed on Mr. Sanchez's Eighth Amendment claims against Captain Rodriguez, ADA Coordinator Carbone and Warden Butricks in their individual capacities for damages; and on his ADA claims against Captain Rodriguez, ADA Coordinator Carbone, and Warden Butricks in their official capacities for damages. The ADA claims against the defendants in their individual capacities are **DISMISSED with prejudice**. All other claims are **DISMISSED without prejudice**. If Mr. Sanchez believes he can allege facts to cure the deficiencies identified in this ruling, he may file a motion to amend and attach an amended complaint by **May 7, 2021**.<br><br>The Clerk of Court shall verify the current work addresses for Captain Rodriguez, ADA Coordinator Carbone and Warden Butricks with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to them at their confirmed addresses by **April 30, 2021**, and report on the status of the waiver request by **May 14, 2021**.<br><br>Signed by Judge Victor A. Bolden on 4/2/2021. (Shaffer, Chelsea) (Entered: 04/02/2021) |
| 04/07/2021 | 11 | Standing order re: Initial Discovery Disclosures.<br>Signed by Judge Stefan R. Underhill on 4/7/2021.(Imbriani, Susan) (Entered: 04/07/2021) |
| 04/09/2021 | | REQUEST FOR WAIVER of Service sent to all defendants on 4/9/2021 by Jorge Sanchez. Waiver of Service due by 5/14/2021 (Imbriani, Susan) (Entered: 04/09/2021) |
| 04/09/2021 | 12 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Kenneth Butricks, Carbone, Rodriguez* with answer to complaint due within *21* days. *Jorge Sanchez, #156159* *CHESHIRE CORRECTIONAL INSTITUTION* *900 Highland Avenue* *Cheshire, CT 06410*. (Imbriani, Susan) (Entered: 04/09/2021) |
| 04/09/2021 | | USM 285 forms together with Summons, Complaint, Order granting IFP reviewed and sent to USM for service on defendants Butricks, Carbone and Rodriguez.Marshals Return of Service on Summons due by 4/29/2021 (Imbriani, Susan) (Entered: 04/09/2021) |
| 04/13/2021 | | Filing fee received from Jorge Sanchez: $ 350.00, receipt number CTXB00012031 (Paid in Full) (Payton, R.) (Entered: 04/14/2021) |
| 04/21/2021 | 13 | WAIVER OF SERVICE Returned Executed as to Rodriguez waiver sent on 4/8/2021, answer due 6/7/2021, filed by Jorge Sanchez. (Imbriani, Susan) (Entered: 04/21/2021) |
| 04/22/2021 | 14 | WAIVER OF SERVICE Returned Executed as to Kenneth Butricks waiver sent on 4/8/2021, answer due 6/7/2021, filed by Jorge Sanchez. (Imbriani, Susan) (Entered: 04/22/2021) |
| 04/26/2021 | 15 | WAIVER OF SERVICE Returned Executed as to Carbone waiver sent on 4/8/2021, answer due 6/7/2021, filed by Jorge Sanchez. (Imbriani, Susan) (Entered: 04/26/2021) |

| | | |
|---|---|---|
| 05/05/2021 | 16 | MOTION to Appoint Counsel by Jorge Sanchez. (Attachments: # 1 envelope)(Imbriani, Susan) (Entered: 05/05/2021) |
| 05/10/2021 | 17 | NOTICE of Appearance by DeAnn S. Varunes on behalf of Kenneth Butricks, Carbone, Rodriguez (Varunes, DeAnn) (Entered: 05/10/2021) |
| 05/13/2021 | 18 | Letter from Jorge Sanchez Dated 05/10/2021 Re: issues with prison staff (Attachments: # 1 envelope) (Imbriani, Susan) (Entered: 05/13/2021) |
| 06/03/2021 | 19 | SUMMONS Returned Executed by Jorge Sanchez. Kenneth Butricks served on 5/27/2021, answer due 6/16/2021; Carbone served on 5/27/2021, answer due 6/16/2021; Rodriguez served on 5/27/2021, answer due 6/16/2021. (Imbriani, Susan) (Entered: 06/03/2021) |
| 06/16/2021 | 20 | ANSWER to 1 R Complaint with Affirmative Defenses by Kenneth Butricks, Carbone, Rodriguez.(Varunes, DeAnn) (Entered: 06/16/2021) |
| 06/17/2021 | 21 | NOTICE of harassment by Jorge Sanchez (Imbriani, Susan) (Entered: 06/21/2021) |
| 06/28/2021 | 22 | Plaintiff's Reply re 20 Answer to Complaint filed by Jorge Sanchez. (Imbriani, Susan) (Entered: 06/28/2021) |
| 07/08/2021 | 23 | MOTION for Judgment by Jorge Sanchez.Responses due by 7/29/2021 (Attachments: # 1 envelope)(Imbriani, Susan) (Entered: 07/09/2021) |
| 07/10/2021 | 24 | ORDER granting 16 Motion to Appoint Counsel; denying 23 Motion for Judgment. The Clerk of Court is respectfully directed to appoint pro bono counsel. The motion for judgment is denied without prejudice to renewal following the appointment of counsel, and counsel's review and determination of the merits of refiling such a motion. Signed by Judge Victor A. Bolden on 7/10/2021. (Shaffer, Chelsea) (Entered: 07/10/2021) |
| 07/12/2021 | 25 | Order Appointing Pro Bono Counsel Michael E. Satti for Jorge Sanchez pursuant to D. Conn L. Civ. R 83.10. Counsel is directed to contact their client and file an appearance in accordance with Local Rule 5(b) within 14 days.Counsel is further directed to review the Notice Regarding Local Rule 83.10(k): Incurring Pro Bono Expenses and Local Rule 83.10(k) (copies available on the courts website at: http://ctd.uscourts.gov/pro-bono-information-0).<br>Signed by Judge Victor A. Bolden on 7/12/2021.(Freberg, B) (Entered: 07/12/2021) |
| 07/12/2021 | 26 | NOTICE to Pro Bono Counsel re Incurring Expenses.<br>Signed by Clerk on 7/12/2021.(Freberg, B) (Entered: 07/12/2021) |
| 08/02/2021 | 27 | NOTICE of Appearance by Michael E. Satti on behalf of Jorge Sanchez (Satti, Michael) (Entered: 08/02/2021) |
| 12/09/2021 | 28 | ORDER OF TRANSFER. Case reassigned to Judge Omar A. Williams for all further proceedings.<br>Signed by Clerk on 12/29/2021.(Anastasio, F.) (Entered: 12/09/2021) |
| 01/26/2022 | 29 | First MOTION for Extension of Time until February 22, 2022 to file Dispositive Motion by Kenneth Butricks, Carbone, Rodriguez. (Varunes, DeAnn) (Entered: 01/26/2022) |
| 01/27/2022 | 30 | ORDER granting 29 Motion for Extension of Time. Dispositive motions shall be filed on or before **February 22, 2022**. The court cautions the parties to be mindful of the requirements of Local Rule 7(b), which states that all motions for extension of |

A043

| | | |
|---|---|---|
| | | time shall be filed at least three business days before the relevant deadline. Signed by Judge Omar A. Williams on 1/27/22. (Wagner, Rebecca) (Entered: 01/27/2022) |
| 01/27/2022 | | Set Deadlines/Hearings: Dispositive Motions due by 2/22/2022 (Wagner, Rebecca) (Entered: 01/27/2022) |
| 02/22/2022 | 31 | MOTION for Summary Judgment by Kenneth Butricks, Carbone, Rodriguez.Responses due by 3/15/2022 (Attachments: # 1 R Memorandum in Support, # 2 R Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Varunes, DeAnn) (Entered: 02/22/2022) |
| 03/10/2022 | 32 | First MOTION for Extension of Time until 4/14/2022 With consent to file plaintiff's response to defendants motion for summary judgement (doc no.31). by Jorge Sanchez. (Satti, Michael) (Entered: 03/10/2022) |
| 03/14/2022 | 33 | ORDER granting ECF No. 32 , Motion for Extension of Time. Plaintiff shall file a response to Defendants Motion for Summary Judgment on or before **April 14, 2022**. It is so ordered. Signed by Judge Omar A. Williams on 3/14/22. (Wagner, Rebecca) (Entered: 03/14/2022) |
| 03/14/2022 | | Set/Reset Deadlines as to 31 MOTION for Summary Judgment . Responses due by 4/14/2022 (Wagner, Rebecca) (Entered: 03/14/2022) |
| 04/15/2022 | 34 | Second MOTION for Extension of Time until May 30, 2022 to file plaintiff's response to defendants motion for summary judgement (doc no.31) by Jorge Sanchez. (Satti, Michael) (Entered: 04/15/2022) |
| 04/22/2022 | 35 | ORDER TO SHOW CAUSE. The court has reviewed ECF No. 34 , Plaintiff's motion for an extension of time to respond to Defendants' motion for summary judgment. In the motion, Plaintiff asks for an additional six weeks to respond to the motion for summary judgment, citing certain documents that Plaintiff requested of Defendants on March 1, 2022, but has not yet received.<br><br>The court notes that Plaintiff's motion was filed on the date that the response was due, despite the court's previous admonition to the parties to be mindful of Local Rule 7(b), which requires all motions for extension of time to be filed at least three business days before the relevant deadline. *See* ECF No. 30. The court further notes that the discovery deadline in this action was December 17, 2021. *See* ECF No. 10 at 15. It is therefore not clear why Plaintiff submitted requests for production on March 1, 2022. Accordingly, Plaintiff hereby is instructed to show cause on or before **April 29, 2022**, (1) why he was unable to timely complete discovery, (2) why he is attempting to continue discovery past the discovery deadline without leave of court, and (3) why he was unable to timely submit his motion for extension of time. It is so ordered.<br>Signed by Judge Omar A. Williams on 4/22/22. (Wagner, Rebecca) (Entered: 04/22/2022) |
| 04/28/2022 | 36 R | RESPONSE TO by Jorge Sanchez filed by Jorge Sanchez. (Satti, Michael) (Entered: 04/28/2022) |
| 04/29/2022 | 37 | ORDER granting ECF No. 34 , Motion for Extension of Time. The court thanks Attorney Satti for the response filed at ECF No. 36 R . In light of that response, the court will grant Plaintiff an additional extension of time to respond to Defendants' pending motion for summary judgment, *see* ECF No. 31 . Plaintiff shall respond to the motion for summary judgment on or before **May 30, 2022**. In future, the court instructs the parties to seek leave of court before conducting any additional discovery. It is so ordered. Signed by Judge Omar A. Williams on 4/29/22. (Wagner, Rebecca) (Entered: 04/29/2022) |

| | | |
|---|---|---|
| 04/29/2022 | | Set/Reset Deadlines as to 31 MOTION for Summary Judgment . Responses due by 5/30/2022 (Wagner, Rebecca) (Entered: 04/29/2022) |
| 05/18/2022 | 38 R | Memorandum in Opposition re 31 MOTION for Summary Judgment filed by Jorge Sanchez. (Satti, Michael) (Entered: 05/18/2022) |
| 05/18/2022 | 39 R | OBJECTION *Plaintiff's Obj. to Defendants Motion for Summary Judgment* filed by Jorge Sanchez. (Satti, Michael) (Entered: 05/18/2022) |
| 08/29/2022 | 40 | ORDER. The court notes that Plaintiff's opposition to the motion for summary judgment appears to be missing one or more pages, as it stops in mid-sentence without any conclusion. ECF No. 17 . The courts asks Plaintiff's counsel to please supply any missing pages (and only any missing pages) on or before **August 31, 2022**. In the alternative, Plaintiff's counsel may file a notice that no pages are missing. Defendants may thereafter reply only to any arguments raised in any missing pages on or before **September 6, 2022**.<br>Signed by Judge Omar A. Williams on 8/29/22. (Wagner, Rebecca) (Entered: 08/29/2022) |
| 08/29/2022 | 41 | First OBJECTION *to Defendant's Motion for Summary Judgment* by Jorge Sanchez. (Satti, Michael) (Entered: 08/29/2022) |
| 09/23/2022 | 42 R | ORDER granting 31 Motion for Summary Judgment. See attached for details. Signed by Judge Omar A. Williams on 9/23/22. (Wagner, Rebecca) (Entered: 09/23/2022) |
| 09/26/2022 | 43 | JUDGMENT entered in favor of Carbone, Rodriguez, Kenneth Butricks against Jorge Sanchez.<br><br>For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms<br>Signed by Clerk on 9/26/2022.(Perez, J.) (Entered: 09/26/2022) |
| 09/26/2022 | | JUDICIAL PROCEEDINGS SURVEY - FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey<br>(Perez, J.) (Entered: 09/26/2022) |
| 10/03/2022 | 44 R | NOTICE OF APPEAL as to 43 Judgment, by Jorge Sanchez. (Attachments: # 1 Envelope). (Barry, L) (Entered: 10/03/2022) |
| 10/03/2022 | 45 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 44 R Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None. (Barry, L) (Entered: 10/03/2022) |
| 10/14/2022 | 46 R | MOTION to Appoint Counsel by Jorge Sanchez. (Attachments: # 1 Envelope). (Barry, L) (Entered: 10/14/2022) |

| | | |
|---|---|---|
| 10/17/2022 | 47 | ORDER denying as moot ECF No. 46 , Motion to Appoint Counsel. Although this matter is already closed, Plaintiff has timely filed a notice of appeal in this case and asks the court to appoint counsel. However, generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982). Although district courts retain the authority to dispose of certain motions despite a timely appeal, in this case it seems best for the Court of Appeals for the Second Circuit to determine whether it would be aided by the appointment of counsel. Therefore, the motion is denied as moot, and Plaintiff is instructed to move for this relief in the appellate court. Signed by Judge Omar A. Williams on 10/17/22. (Wagner, Rebecca) (Entered: 10/17/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/20/2023 09:44:51 | | | |
| **PACER Login:** | rightsbehindbars | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:20-cv-01229-OAW |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: September 20, 2023

*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001
*Attorney for Appellant Jorge Sanchez*