# 22-2923

IN THE

# United States Court of Appeals
**FOR THE SECOND CIRCUIT**

◆

JORGE SANCHEZ

Plaintiff-Appellant

v.

KENNETH BUTRICKS, COUNSELOR CARBONE, CAPTAIN RODRIGUEZ, WILLIAM MULLIGAN

Defendants-Appellees

Appeal from the United States District Court for Connecticut

Case No. 20-CV-1229

The Honorable Omar A. Williams

**APPELLANT'S REPLY BRIEF**

Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Avenue, Unit 26152
Washington, DC 20001
202-455-4399

*Attorney for Plaintiff-Appellant*
*Jorge Sanchez*

# TABLE OF CONTENTS

<div align="right"><b>Page</b></div>

TABLE OF AUTHORITIES ............................................................................ ii

ARGUMENT.................................................................................................. 1

    I.     This Court Should Not Affirm on the Alternative Basis that
Defendants Are Entitled to Sovereign Immunity................................ 1

         a) Defendants have waived any soveriegn immunity argument .......... 1

         b) *Garcia* is no longer good law......................................................... 2

         c) Even if *Garcia* were good law, it does not dictate the outcom here 4

         d) Defendants err in their description of the current governing test for
sovereign immunity abrogation........................................................ 6

    II.    Defendants Are Not Entitled to Summary Judgment on the Merits .... 7

CONCLUSION............................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

*Bolmer v. Oliveira*, 594 F.3d 134 (2d Cir. 2010)................................................4, 5

*Bounds v. Smith*, 430 U.S. 817 (1977)..................................................... 5

*Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150 (2d Cir. 2013) .............. 2

*Cruz v. Beto*, 405 U.S. 319 (1972) ....................................................... 5

*Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178 (2d Cir. 2015) ................................................................................4, 5

*Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372 (2d Cir. 2016) ........................ 2

*Estelle v. Gamble*, 429 U.S. 97 (1976) .................................................... 6

*Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98 (2d Cir. 2001) ................................................................................*passim*

*Kentucky v. Graham*, 473 U.S. 159 (1985)............................................... 8

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)............... 8

*Pell v. Procunier*, 417 U.S. 817 (1974) .................................................. 5

*Tennessee v. Lane*, 541 U.S. 509 (2004) ..............................................3, 7

*United States v. Georgia*, 546 U.S. 151 (2006) .....................................5, 6, 7, 8

*Wright v. New York State Dep't of Corr.*, 831 F.3d 64 (2d Cir. 2016) ................... 8

**RULES**

Fed. R. Civ. P. 8(c)(1)...................................................................... 2

# ARGUMENT

## I. This Court Should Not Affirm on the Alternative Basis that Defendants Are Entitled to Sovereign Immunity.

### a) Defendants waived any sovereign immunity argument.

Defendants repeatedly assert that the district court made its decision on the basis of sovereign immunity. *See* Ans. Br. 10 ("The District Court correctly held that Mr. Sanchez failed to show a dispute of fact that defendants were motivated by the requisite discriminatory animus to overcome Eleventh Amendment immunity"); Ans. Br. 13 ("As the District Court correctly held, applying *Garcia*'s standard…"); Ans. Br. 16 ("the District Court correctly explained why Mr. Sanchez cannot clear the Eleventh Amendment bar"). It did not. The district court never mentioned sovereign immunity, the Eleventh Amendment, or this Court's decision in *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 103 (2d Cir. 2001). Instead, the court clearly and unambiguously decided Sanchez's ADA claim on the merits, A6–7, doing so erroneously.

The reason that the court did not reach the issue of sovereign immunity is also straightforward: Defendants never sought summary judgment on it. They too never so much as mentioned sovereign immunity, the Eleventh Amendment, or *Garcia* in their briefing before the district court. This Court has held that "the burden of proof in a case involving the assertion of sovereign immunity is on the party asserting it— a holding [that] is more consistent with the understanding that sovereign immunity

was an affirmative defense." *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013). Defendants made no effort to meet their burden and failed to assert their affirmative defense, thereby waiving it. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense").

Defendants now ask this Court to wade into the contested validity of largely abrogated precedent without having raised the issue before the district court. This Court should decline to do so, as Defendants have waived their defense. Should this Court be inclined to examine the issue, however, it is still the case that *Garcia* does not dictate affirmance.

b) Garcia *is no longer good law.*

Intervening Supreme Court precedent has abrogated *Garcia*. When a Supreme Court decision undermines an assumption or breaks a link on which an earlier panel decision relies so as to cast "sufficient doubt" on its continued vitality, this Court "must reconsider whether that precedent should continue as the law of the Circuit" by "apply[ing] the conclusions of the intervening Supreme Court case." *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016), *abrogated on other grounds by Badgerow v. Walters*, 596 U.S. 1 (2022). *Garcia* held that "Title II in its entirety exceeds Congress's authority under § 5," looking exclusively to the Equal Protection Clause's prohibition against irrational disability discrimination. 280 F.3d

at 110. Three years later, the U.S. Supreme Court held that Title II validly abrogated sovereign immunity as to access to counsel claims, undermining the assumptions of *Garcia* in two critical respects: first, the Court examined sovereign immunity abrogation for a particular category of conduct rather than for the statute as a whole; and second, the Court directly contradicted the core holding of *Garcia* by abrogating sovereign immunity as to a category of Title II claims. *Tennessee v. Lane*, 541 U.S. 509, 513 (2004).

After *Lane*, the Supreme Court addressed sovereign immunity abrogation in the context of prison conditions in *United States v. Georgia*. 546 U.S. 151, 159 (2006). The Court did not reach the outcome, instead setting out a three-part test, one that, consistent with *Lane*, concluded with "whether Congress's purported abrogation of sovereign immunity *as to that class of conduct* is nevertheless valid." *Id.* (emphasis added). While this Court has reserved the question of whether *Lane* and *United States v. Georgia* have abrogated *Garcia*, were this Court to reach the sovereign immunity question it should hold that they have by undermining both the conclusion and the methodology of the decision. In the years since *Lane* and *United States v. Georgia*, numerous lower courts have questioned the continued validity of *Garcia* and, tellingly, no other courts of appeals have adopted the reasoning of *Garcia* or otherwise invented analogous limitations to Title II ADA claims on the grounds of sovereign immunity. *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical*

*Scis.*, 804 F.3d 178, 194 (2d Cir. 2015) ("Continued uncertainty as to the vitality of *Garcia* has led to a divergence in the approaches adopted by district courts in this Circuit in their assessment of Congress's abrogation of sovereign immunity under Title II.").

c) *Even if* Garcia *were good law, it does not dictate the outcome here.*

Although this Court has yet to acknowledge *Garcia*'s abrogation, this Court has cabined *Garcia* and done so in a respect that makes it irrelevant to Sanchez's claim. *Garcia* involved a medical student with Attention Deficit Disorder seeking an accommodation from a state medical school. *Garcia*, 280 F.3d at 104. Congress attempted to abrogate sovereign immunity in the ADA using the Fourteenth Amendment's enforcement powers, and the only Fourteenth Amendment right at issue in *Garcia* was the equal protection rights of those with disabilities, subject only to rational basis review. *Id.* at 109. The incongruence between the force of Title II of the ADA and the weak equal protection right was the basis for *Garcia*'s ruling. *Id.*

In *Bolmer v. Oliveira*, this Court addressed whether Congress validly abrogated sovereign immunity as to an involuntarily committed patient seeking to vindicate his substantive due process rights. 594 F.3d 134, 136 (2d Cir. 2010). Because of the more powerful right at issue in *Bolmer*, this Court explained that "[w]hether or not *Garcia* survives *Lane* and *Georgia,* a question we do not reach, it

4

is quite clear that *Garcia*'s discriminatory animus requirement for Equal Protection-based claims cannot be applied to claims based solely on the substantive due process right Bolmer alleges was violated here." *Id.* at 148. This Court later noted that in *Bolmer*, it "had not yet decided whether *Garcia* survived *Lane* and *Georgia*," but declined to reach the question because "*Garcia* was limited to Equal Protection Clause claims." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 195 (2d Cir. 2015).

While in the context of higher education in *Garcia,* the only relevant Fourteenth Amendment right was the right against disability discrimination without a rational basis, inside prisons Title II of the ADA implicate a series of core constitutional rights because of the total reliance of prisoners on public entities for basic services. These include the right to pursue a religious faith in a reasonable manner, *Cruz v. Beto*, 405 U.S. 319, 322 (1972); the right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977); the right to speech not inconsistent with penological objectives, *Pell v. Procunier*, 417 U.S. 817, 822 (1974); and many more. *See also United States v. Georgia,* 546 U.S. 151, 162 (2006) (Stevens, J. concurring) ("While it is true that cases involving inadequate medical care and inhumane conditions of confinement have perhaps been most numerous [challenges brought by prisoners], courts have also reviewed myriad other types of claims by disabled prisoners, such as allegations of the abridgment of religious liberties, undue

censorship, interference with access to the judicial process, and procedural due process violations.").[1] The equal protection right critical to the holding in *Garcia* is often irrelevant to prison cases and did not arise in Sanchez's case.

    *d) Defendants err in their description of the current governing test for sovereign immunity abrogation.*

Defendants misleadingly describe the current test for sovereign immunity abrogation after *United States v. Georgia*. First, citing to *Georgia*, Defendants write that "as a rule, Title II plaintiffs suing states cannot recover money damages for conduct that does not violate both the ADA and the Fourteenth Amendment." Ans. Br. 12. This is incorrect. Step two of the *Georgia* test says that plaintiffs may certainly recover damages for conduct that violates both the ADA and the Fourteenth Amendment whereas if the conduct violates the ADA alone they must proceed to the analysis in step three. 546 U.S. at 158.

Second, citing to *Garcia*, Defendants analyze the scope of the Fourteenth Amendment exclusively through the Equal Protection Clause's weak guarantee against irrational disability discrimination. Ans. Br. 20–21. This made sense in *Garcia*, where only irrational disability discrimination was implicated, but in many other contexts, such as the access to counsel issue presented in *Lane*, more powerful

---

[1] These rights are all Fourteenth Amendment rights against the states because the Fourteenth Amendment rights incorporated them against the states. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 101 (1976) (noting that the Eighth Amendment applies to the states through the Fourteenth Amendment).

constitutional rights are at issue. As described above in subsection (c), this is nowhere more true than in prison, where numerous constitutional protections overlap with disability discrimination. This Court should not resolve the major question that *Georgia* left unanswered without briefing on the correct legal standard or a lower court decision where the issue was raised.

## II. Defendants Are Not Entitled to Summary Judgment on the Merits.

Sanchez explained in his opening brief why fact questions remain on his ADA claim. Op. Br. 7–13. Defendants offer two rejoinders. First, they argue that while "[i]t may be true that Connecticut is the real party in interest, since the state will be on the hook for any damages," the case is still technically against the individual defendants and therefore Sanchez must show ADA violations against them. Ans. Br. 25. Second, Defendants argue that they provided Sanchez a reasonable accommodation by the fixing of the leak in his cell after he fell. *Id.* Both arguments fail.

Defendants err in arguing that the case must be limited to the actions of the listed defendants. Connecticut is not merely "the real party in interest, since the state will be on the hook for any damages." Connecticut is the defendant, full stop. Title II of the ADA prohibits discrimination by public entities, not by individuals. *See Tennessee v. Lane*, 541 U.S. 509, 517 (2004). The public entity is therefore the proper, and the only proper, defendant. *See, e.g.*, *id.*; *United States v. Georgia*, 546

U.S. 151 (2006); *Wright v. New York State Dep't of Corr.*, 831 F.3d 64 (2d Cir. 2016). Plaintiffs may, as Sanchez operating *pro se* did here, list individual defendants in their official capacity. Unlike in the context of seeking injunctive relief on constitutional grounds, this form of pleading is unnecessary but it is nonetheless perfectly adequate. That is because a suit against a public official in their official capacity is in every respect a suit against the public entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). The proper defendant still is and must be the public entity.

Finally, Defendants argue that they provided a reasonable accommodation by fixing the leak in Sanchez's cell after he fell and injured himself. As explained in Sanchez's opening brief, the reasonableness of an accommodation is a fact-specific inquiry typically left for a factfinder. Op. Br. 10–11. Sanchez walked with a cane for many years and was living in a cell soaked in water after prison staff refused to move him or fix the leak for no clear reason. Op. Br. 2–3. When he fell after several weeks, staff finally fixed the leak days after moving him back into the slippery cell. *Id.* Defendants argue that this accommodation was clearly a reasonable one and

8

therefore a basis for affirmance. Ans. Br. 25–27. They offer no authority for determining that this conduct was so plainly reasonable as to be resolved as a matter of law and for good reason.

## CONCLUSION

This Court should reverse the district court's order granting summary judgment to Defendants on Sanchez's ADA claim and remand for further proceedings.

Date: January 9, 2024

<div style="margin-left: 40%">

*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001
Attorney for Appellant Jorge Sanchez

</div>

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: January 9, 2024

*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001
*Attorney for Appellant Jorge Sanchez*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,051 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word with a Times New Roman 14-point font.


Date: January 9, 2023


*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001
*Attorney for Appellant Jorge Sanchez*